*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1518-GHK | Date | July 18, 2013 |
|---|---|---|---|
| Title | *In re: Tower Park Properties, LLC* | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re**: Motion to Dismiss Appeal [Dkt. No. 13]

     This matter is before us on Appellant Fiduciary Trust International of California's ("FTIC") Motion to Dismiss Appeal ("Motion"). Appellee Tower Park Properties, LLC ("TPP") has filed a "limited" opposition to the Motion ("Opposition"). We have considered the papers filed in support of and in "limited" opposition to this Motion, including the supplemental briefing on judicial estoppel we ordered on May 28, 2013, and the Parties' arguments at the July 1, 2013 hearing. As the Parties are familiar with the facts, we will repeat them only as necessary.[1]

     On February 15, 2013, FTIC filed this appeal from the bankruptcy court's order granting TPP's motion to approve settlement agreement ("Settlement Order"). In the bankruptcy court, FTIC filed a limited joinder to Alex Hughes's objections to certain terms ("Conditional Provisions") in TPP's settlement agreement ("Settlement") with creditors MH Holdings II H, LLC and Hughes Investment Partnership, LLC (collectively, "Hughes Entities").[2] The Conditional Provisions included a variety of terms that benefitted TPP, such as a loan discount in excess of $20 million. According to the Settlement, the Conditional Provisions would be "void and of no force or effect *ab initio*" unless the Settlement Order became final and non-appealable by February 15, 2013. (Settlement Section 6(b)).

---

     [1] Both FTIC and TPP request that we take judicial notice of a number of documents filed in bankruptcy court and probate court. Matters of public record are generally proper subjects of judicial notice. *See, e.g.*, *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010). The Parties also do not dispute each others' requests for judicial notice ("RJN"). Accordingly, they are granted. [Dkt. Nos. 14, 18, 25].

     [2] Alex Hughes is the "sole non-contingent beneficiary" of the Hughes Family Trust ("Hughes Trust"). The Hughes Trust in turn controls the Hughes Entities, the creditors who agreed to discount loans to TPP as part of the Conditional Provisions in the Settlement. FTIC is the Hughes Trust's trustee ad litem. As of March 18, 2013, FTIC is also the interim successor trustee of the Hughes Trust. (In re the Matter of the Mark Hughes Trust, BP 63500, March 18, 2013 Probate Court Minute Order, FTIC RJN Exh. 3).

*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1518-GHK | Date | July 18, 2013 |
|---|---|---|---|
| Title | *In re: Tower Park Properties, LLC* | | |

Two appeals in this bankruptcy – this one and Alex Hughes's – were still pending on February 15, 2013 and prevented the Settlement Order from becoming final and non-appealable on that date. *See Tower Park Properties, LLC v. LA Stars, LLC*, 2:08-bk-20298-BR, Dkt. No. 416 (FTIC's February 15, 2013 notice of appeal); *id.*, Dkt. No. 410 (Alex Hughes's February 5, 2013 notice of appeal). Thus, FTIC has filed the instant Motion, arguing that its own appeal is moot because the Conditional Provisions to which it objected are null and void.

     TPP argues in its Opposition that we should not reach the issue of mootness because FTIC has abandoned the appeal and because FTIC improperly seeks an advisory opinion that the Conditional Provisions are void. Both of these arguments fail. First, FTIC has not abandoned this appeal. Rather, FTIC states that if we do not dismiss the appeal as moot, it is ready to file its opening brief and litigate its objections to the bankruptcy court's order approving the Settlement. Second, FTIC is not seeking an advisory opinion because we cannot decide whether the appeal is moot until we first decide whether the Conditional Provisions are void. Mootness is an issue we must consider, and if the Conditional Provisions to which FTIC objects are void, we will not be able to render effective relief and the appeal must be dismissed as moot. *See McCullough v. Graber*, 715 F.3d 1206, 1209 (9th Cir. 2013) (explaining that a case or controversy "must exist at all stages of the proceedings, including appellate review" and "if a court is unable to render 'effective relief,' it lacks jurisdiction and must dismiss the appeal").[3]

     Next, TPP argues in its Opposition that the Conditional Provisions are not null and void because the February 15, 2013 deadline "was an arbitrary date selected by the Hughes Entities to ensure that the settlement [was] approved . . . forthwith" and that the date had "[no] material importance of any kind." (Opp. at 12-13). Further, TPP represents that "the Hughes Entities and [TPP] agreed that [the February 15, 2013 date] was not 'set in stone,' but was subject to extensions." (Id.) TPP now argues that "[i]t is . . . inaccurate to take the position that all of [TPP's] rights regarding the Conditional Provisions or any

---

     [3] In its Supplemental Opposition, TPP makes two new arguments beyond the scope of our Order directing additional briefing on judicial estoppel. We reject these new arguments. First, TPP argues that FTIC's appeal became retroactively untimely because FTIC took advantage of the extended deadline Alex Hughes's appeal triggered, and we have now dismissed Hughes's appeal for lack of standing. *See* Fed. Rules of Bankr. 8002(a) ("If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires"). We agree with the Sixth Circuit, however, that "a notice of appeal filed by a party without standing is . . . sufficient to trigger the 14-day extension of time for other parties to file." *In re Julien Co.*, 146 F.3d 420, 423 (6th Cir. 1998). Second, TPP argues that FTIC lacks appellate standing because it was not "directly and adversely" affected by the bankruptcy court's order approving the Settlement, which the Hughes Entities are contractually bound to support. This argument is conclusory, and TPP offers no specific authority to support it. Further, the Hughes Entities can be directly and adversely affected by a contract they entered, especially if the then trustee had breached its fiduciary duty to the Hughes Trust by entering into the Settlement.

*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1518-GHK | Date | July 18, 2013 |
|---|---|---|---|
| Title | *In re: Tower Park Properties, LLC* | | |

other terms of the Settlement Agreement were lost based on the passage of the Date." (Id.)[4] To support this position, TPP cites a January 4, 2013 email from the Hughes Entities' counsel to TPP's counsel explaining that the February 15 deadline could be extended to February 28 if the bankruptcy court did not "provide a sufficiently early hearing date" to meet the original deadline. (Golubchik Decl. Exh. A [Dkt. No. 17]).[5]

FTIC argues that in light of TPP's Emergency Motion in the Alex Hughes appeal, (CV 13-1006-GHK Dkt. No. 5), TPP should be judicially estopped from taking the position that the February 15, 2013 deadline did not void the Conditional Provisions. (Reply at 4-6).[6] In the Emergency Motion, TPP had represented as follows:

- "Pursuant to the Settlement Agreement, all of the benefits conferred on TPP and its bankruptcy estate are forever lost unless the Settlement Order becomes final and non-appealable by February 15, 2013." (Emergency Motion at 3-4).
- "Such a result would be draconian and serve only to irreparably harm all constituents in TPP's bankruptcy proceedings, including . . . at a minimum, loss of over $25 million for the estate." (Id. at 4-5).[7]
- "TPP respectfully requests that this Appeal be dismissed on an emergency basis to avoid severe and irreparable harm." (Id. at 30).

Accordingly, FTIC argues that TPP should be judicially estopped from now arguing that the basis for the purported emergency (i.e., the February 15, 2013 deadline) was of "no material importance."

In general, three factors inform whether we apply judicial estoppel. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). First, "a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* Second, we "inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* (citation omitted). The key inquiry is whether allowing a party to take inconsistent positions would threaten judicial

---

[4] Golubchik repeated these representations in his declaration. (Golubchik Decl. ¶¶ 5-6 [Dkt. No. 17]).

[5] Although we need not decide the merits of TPP's recent claim as to the significance, if any, of the February 15, 2013 deadline, we note that Mr. Golubchik's arguments appear to overstate the actual position of the Hughes Entities' counsel as reflected in this email.

[6] As FTIC raised this argument for the first time in its Reply, we ordered supplemental briefing on judicial estoppel. The Parties have since submitted that briefing, which we have considered.

[7] TPP manager Charles S. Dickens made similar representations in a declaration in support of the Emergency Motion. (Dickens Decl. ¶¶ 9-11 [CV 13-1006-GHK Dkt. No. 5]).

*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1518-GHK | Date | July 18, 2013 |
|---|---|---|---|
| Title | *In re: Tower Park Properties, LLC* | | |

integrity.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783-86 (9th Cir. 2001) (invoking judicial estoppel "to protect the integrity of the bankruptcy process"); *see also Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012)  (explaining that judicial estoppel protects "the dignity of judicial proceedings").  Third, we inquire "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *New Hampshire*, 532 U.S. at 751.  These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel.  Additional considerations may inform the doctrine's application in specific factual contexts."  *Id.* at 751.  Judicial estoppel is "an equitable doctrine invoked by a court at its discretion."  *Id.* at 750 (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) (internal quotation marks omitted).

As a threshold matter, TPP argues that FTIC should not be allowed to invoke judicial estoppel because FTIC itself has unclean hands.  *See Intamin, Ltd. v. Magnetar Technologies Corp.*, 623 F.Supp.2d 1055, 1074 (C.D. Cal. 2009) (explaining the general principle that "he who comes into equity must come with clean hands") (citation and quotation marks omitted).  But judicial estoppel is "invoked *by a court* at its discretion."  *New Hampshire*, 532 U.S. at 750 (emphasis added).  "[C]ourts have uniformly recognized" that the purpose of judicial estoppel "is 'to protect the integrity of the judicial process,' . . . by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"  *Id.* (citations omitted); *see also Milton H. Greene Archives, Inc.*, 692 F.3d at 996 (explaining that "judicial estoppel is intended to protect the courts").  We do not decide whether FTIC has unclean hands as TPP alleges.  Even when one party's hands are unclean, another party's inconsistent positions may threaten judicial integrity.  Accordingly, a party's unclean hands cannot prevent the Court from invoking judicial estoppel.

Turning to the factors that inform judicial estoppel, we first conclude that TPP's positions are clearly inconsistent.  As detailed above, TPP argued in its Emergency Motion that the February 15 deadline would void the Conditional Provisions unless we dismissed Alex Hughes's appeal by that date.  Now TPP argues that the February 15 deadline had "[no] material importance of any kind."  (Opp. at 12-13).  Further, TPP did not address this factor in its supplemental briefing.  Rather, it focused on the judicial integrity and unfair advantage factors.  (Supp. Opp. at 1-2).  TPP therefore is deemed to concede that its positions are clearly inconsistent. *See* L.R. 7-9 & 7-12; *Richter v. Mutual of Omaha Ins. Co.*, 2007 WL 6723708, *5 (C.D. Cal. 2007).

Second, TPP's inconsistent positions do not seriously threaten judicial integrity.  "Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,'. . . and thus poses little threat to judicial integrity."  *New Hampshire*, 532 U.S. at 750-51 (citation omitted); *see also Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997) (affirming district court's rejection of judicial estoppel where "no court ever adopted the original . . . position"). Here, TPP did not succeed in the prior proceeding because we denied its Emergency Motion despite the representation that the Conditional Provisions would become void.  Thus, there is no risk of inconsistent court determinations.  In contrast, the "textbook case " for judicial estoppel occurs when a party gains a financial advantage by taking one position in litigation and then later takes an inconsistent position to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1518-GHK | Date | July 18, 2013 |
|---|---|---|---|
| Title | *In re: Tower Park Properties, LLC* | | |

obtain another financial advantage in different litigation. *See Milton H. Greene Archives, Inc.*, 692 F.3d at 1000 (affirming application of judicial estoppel where Marilyn Monroe's representatives first obtained tax benefits by taking the position that she was domiciled in New York at the time of her death and years later tried to obtain Marilyn Monroe's posthumous publicity rights under California law by taking the inconsistent position that she was domiciled in California at the time of her death); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (explaining that judicial estoppel prevents a debtor who fails to disclose an existing cause of action as an asset from later asserting that cause of action); *see also New Hampshire*, 532 U.S. at 749 (explaining that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase") (citation omitted). Because we denied TPP's Emergency Motion, there is no risk that inconsistent court determinations will allow TPP to have it both ways on the merits or obtain inconsistent financial advantages. Furthermore, we do not know which of TPP's inconsistent positions is "true" or "correct." Having not accepted either position, we do not wish to foreclose a resolution on the merits. *Cf. Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting "the strong policy . . . favoring decisions on the merits") (citation omitted). Accordingly, this factor weighs against judicial estoppel.

Third, TPP would not derive significant unfair advantages or impose unfair detriments on FTIC from its inconsistent positions. TPP has gained at most procedural advantages from its prior position that the February 15 deadline voided the Conditional Provisions. TPP succeeded in causing the Court to consider its Emergency Motion on an expedited basis, for example, but FTIC was not even involved in the Emergency Motion to dismiss the Alex Hughes appeal.[8] We do not condone such unscrupulous tactics, as they waste judicial resources. Nonetheless, TPP has neither gained any substantive advantages in this litigation with its inconsistent positions, nor imposed unfair detriments on FTIC. FTIC argues that allowing TPP to take inconsistent positions will unfairly force FTIC to continue to litigate. We disagree. Refusing to impose judicial estoppel necessarily entails continued litigation.

---

[8] Although it is not clear, TPP may also have succeeded in convincing the bankruptcy court to approve the Settlement without granting FTIC an extension to consider any objections. At the hearing on TPP's motion to approve the Settlement, Golubchik represented to the bankruptcy court as follows:

> [W]e have a very short deadline. Under the settlement the Debtor executed releases and dismissals with prejudice, which means if the settlement is not approved we can't get those powers back and the property is lost. All creditors are irreputably [sic] harmed. If there's a continuance of the hearing, then we don't need [sic] our deadline of having a final order by February 15th. It's the equivalent of denial of the motion. Because . . . we've given away all our rights, there's nothing left to negotiate in the future. So the settlement does have to be approved at this time.

(Jan. 23, 2013 Hrg. Transcript at 26:4-14 [Dkt. No. 14-2]). The bankruptcy judge then said, "Thank you. I'm going to approve this," and went on to explain why he was approving the Settlement on the merits. (Id. at 26:15-16).

*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1518-GHK | Date | July 18, 2013 |
|---|---|---|---|
| Title | *In re: Tower Park Properties, LLC* | | |

This alone cannot be sufficient to apply the doctrine. Furthermore, we do not see the unfairness in FTIC having to continue to litigate its own appeal, particularly because FTIC suffered no detriments from the Emergency Motion in the Alex Hughes appeal.

In light of the foregoing, we decline to judicially estop TPP from arguing that the Conditional Provisions are not void pursuant to the February 15, 2013 deadline. Although TPP has taken clearly inconsistent positions, they do not seriously threaten judicial integrity in a way that would militate in favor of judicial estoppel. Further, TPP has not derived significant unfair advantages and has not imposed significant unfair detriments. As judicial estoppel is not a punitive doctrine, we conclude that considering sanctions is a more appropriate way to deal with TPP's conduct.[9] *In re Coastal Plains, Inc.*, 179 F.3d 197, 213 (5th Cir. 1999) (explaining that "the purpose of judicial estoppel is to protect the integrity of courts, not to punish adversaries or to protect litigants"); *see also* Wright, et al., Federal Practice and Procedure, § 4477, Preclusion of Inconsistent Positions – Judicial Estoppel (April 2013) (explaining that "[i]f a party's conduct in the course of the litigation seems to warrant sanctions, sanctions should be drawn from specific rules or inherent authority without bending judicial estoppel theory to the purpose").

Because we decline to impose judicial estoppel, factual issues prevent us from deciding whether this appeal is moot. In particular, TPP argues that the Conditional Provisions are not void because the parties to the Settlement did not intend the February 15 deadline to have any "material importance." FTIC disputes this account and argues that the Conditional Provisions are void. Accordingly, we **REMAND** the issue to the bankruptcy court to create a fuller record and consider in the first instance whether the Settlement Agreement is void. *See Von Kennel Gaudin v. Remis*, 282 F.3d 1178, 1183-84 (9th Cir. 2002) (remanding to district court factual issues dispositive of mootness); *see also* Wright, et al., Federal Practice and Procedure, § 3533.10.3, Other Mootness on Appeal (April 2013) (explaining that "[i]f the appellate court is unsure of the facts, it is common to remand for consideration of mootness by the lower court").

This appeal is **STAYED** pending further proceedings in the bankruptcy court that we direct here. If the bankruptcy court determines that the Settlement Agreement is void, this appeal shall be dismissed as moot. If the bankruptcy court determines otherwise, the Parties may seek to vacate the stay and proceed with this appeal, if appropriate.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | IR for  Bea | |

---

[9] TPP, Mr. David B. Golubchik, and Mr. Daniel H. Reiss are already subject to an order to show cause re: sanctions. [Dkt. No. 27].